UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Antonio Romero Williams,

            Petitioner,

vs.

Robert Fenies,

           Respondent.         Civ. No. 07-2033 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241.

The Petitioner appears pro se, and the Respondent appears by Donna J. Wolfson, Assistant Hennepin County Attorney. For reasons which follow, we recommend that the Petition be denied, as moot.

II.  Discussion.

In February of 2004, the Petitioner was convicted by the Hennepin County District Court of six (6) offenses:  one (1) Count of first degree burglary, in violation of Minnesota Statutes Section 609.585, Subdivision 1(b); two (2) Counts of kidnaping, in violation of Minnesota Statutes Section 609.25, Subdivision 1(3); two (2) Counts of second degree assault, in violation of Minnesota Statutes Section 609.222, Subdivision 1; and one (1) Count being a felon in possession of a firearm, in violation of Minnesota Statutes Section 624.713, Subdivision 1(b).  See, Docket No. 5, at unnumbered p. 4.  He was sentenced to two-hundred forty (240) months in prison. Id.  He is currently incarcerated at the Minnesota Correctional Facility, in Rush City, Minnesota.  See, Petition, Docket No. 1.

In his Petition, the Petitioner alleges numerous grounds for relief, and claims that he was denied effective assistance of counsel, and that his conviction was obtained by the failure to disclose evidence favorable to the Petitioner, and was obtained in violation of the Sixth and Fourteenth Amendments.  Id.  The Respondents argue that the Petition must be dismissed as a Judgment in the State Court is not yet final, since

the Petitioner has not yet been subjected to a final sentencing.[1]  See, <u>Burton v. Stewart</u>, --- U.S. ---, 127 S.Ct. 793, 798-99 (2007)("Final judgment in a criminal case means sentence * * * [t]he sentence is the judgment."), quoting <u>Berman v. United States</u>, 302 U.S. 211, 212 (1937).  Furthermore, the Respondents contend that the Petitioner has failed to exhaust his administrative remedies.  See, <u>Kendrick v. Carlson</u>, 995 F.2d 1440, 1447 (8th Cir. 1993); <u>Leighnor v. Turner</u>, 884 F.2d 385, 387 (8th Cir. 1989); <u>Willis v. Ciccone</u>, 506 F.2d 1011 (8th Cir. 1974).

In response, the Petitioner filed a Motion for Voluntary Dismissal of his Petition, for the following reasons:

> (1)    Petitioner's judgment of convictions are not yet final and
>
> (2)    The district court lacks authority to entertain a habeas corpus petition while direct review is pending.

See, <u>Docket No. 29</u>.

In addition, the Petitioner "respectfully asks the Court for a voluntary dismissal without prejudice."  <u>Id.</u>  Accordingly, in light of the Petitioner's response, we are persuaded that the issues raised by his Petition have not been fully resolved through

---

[1]On November 1, 2005, the Minnesota Court of Appeals remanded the Petitioner's case to the District Court for resentencing, which is presently scheduled for July 25, 2007.  See, <u>Respondent's Memorandum in Opposition</u>, <u>Docket No. 13</u>, at p. 2.

an entry of a final Judgment, and therefore, we recommend that the Petition be dismissed, without prejudice.

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

Dated: June 28, 2007              s/Raymond L. Erickson
                                  Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Federal Rule of Civil Procedure 6(a), D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 16, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of the Hearing by no later than **July 16, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.